http://www.va.gov/vetapp16/Files3/1626406.txt

Citation Nr: 1626406 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 08-07 959 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York

THE ISSUE

Entitlement to a total disability rating based on individual unemployability (TDIU).

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

C.S. De Leo, Associate Counsel

INTRODUCTION

The Veteran served on active duty from October 1961 to February 1966. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York. 

The Board remanded the matter to the RO in February 2012 and February 2015 for further development. The matter has been returned to the Board for appellate consideration.

In February 2012, the Board remanded the issues of entitlement to a rating in excess of 60 percent for the Veteran's service-connected eye disability and TDIU. After the directed development had been completed, the Board denied both claims in a May 2013 decision. The Veteran appealed the May 2013 decision to the United States Court of Appeals for Veterans Claims (Court), and in a memorandum decision dated in July 2014, the Court vacated the portion of the Board's May 2013 decision concerning TDIU and remanded the claim to the Board. The Board's decision concerning the Veteran's entitlement to an increased evaluation for his service-connected eye disability was affirmed. For the reasons indicated below, the RO complied with the Board's February 2015 remand instructions.

The issue of entitlement to service connection for neovascular glaucoma as secondary to his service-connected right eye disability has been raised by the record in the Veteran's September 17, 2009 Board hearing (Hearing Transcript page 23) and his statement submitted on May 25, 2009, but the issue has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is again referred to the AOJ for appropriate action, to include providing the Veteran with the appropriate claim forms. 38 C.F.R. § 19.9(b) (2015). 

FINDING OF FACT

The Veteran's only service-connected disability of the right eye does not preclude the Veteran from securing and following a substantially gainful occupation consistent with his education and occupational background.

CONCLUSION OF LAW

The criteria for entitlement to a TDIU have not been met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.340, 3.341, 4.15, 4.16, 4.18, 4.19 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

When VA receives a complete or substantially complete application for benefits, it must notify the claimant of the information and evidence not of record that is necessary to substantiate a claim, which information and evidence VA will obtain, and which information and evidence the claimant is expected to provide. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). See also Quartuccio v. Principi, 16 Vet. App. 183 (2002); Pelegrini v. Principi, 18 Vet. App. 112 (2004); Dingess v. Nicholson, 19 Vet. App. 473 (2006). Here, VA's duty to notify was satisfied through notice letters dated in May 2006 and December 2007, which informed the Veteran of his and VA's respective responsibilities in obtaining evidence and the process by which disability ratings and effective dates are assigned. 

VA must also make reasonable efforts to assist the appellant in obtaining evidence necessary to substantiate the claim for the benefit sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. Here, the Veteran's identified records have been obtained and associated with the claims file to include records obtained from the Social Security Administration (SSA). The Veteran has not identified any additional records that should be obtained prior to a Board decision. There are no outstanding records that have been identified. 

Additionally, VA eye examinations were performed in June 2006 and March 2015, and the Veteran also underwent VA general medical examination in May 2006 that includes consideration of the Veteran's medical history and sets forth all pertinent findings, such that the Board is able to make a fully informed decision. See Stefl v. Nicholson, 21 Vet. App. 120, 123 (2007); 38 C.F.R. §§ 3.159(c)(4), 3.326(a), 3.327 (2015). Accordingly, the duty to assist is satisfied.

In light of the above, the Veteran has had a meaningful opportunity to participate effectively in the processing of this claim, and no prejudicial error has been committed in discharging VA's duties to notify and assist. 

II. Analysis

A TDIU is provided where the combined schedular evaluation for service-connected diseases and disabilities is less than total, or 100 percent. 38 C.F.R. § 4.16(a). VA will grant a total rating for compensation purposes based on unemployability when the evidence shows that the veteran is precluded from obtaining or maintaining any gainful employment consistent with his education and occupational experience, by reason of his service-connected disabilities. 38 C.F.R. §§ 3.340, 3.341, 4.16. Under 38 C.F.R. § 4.16, if there is only one such disability, it must be rated at 60 percent or more to qualify for benefits based on individual unemployability. If there are two or more such disabilities, there shall be at least one disability rated at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent. 38 C.F.R. § 4.16(a).

The central inquiry is, "whether the veteran's service-connected disabilities alone are of sufficient severity to produce unemployability." Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). Consideration may be given to the Veteran's level of education, special training, and previous work experience, but it may not be given to his age or to any impairment caused by nonservice-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19.

In this case, the Veteran is service-connected for a right eye disability, evaluated as 60 percent disabling. His combined disability rating is 60 percent. Therefore, he does meet the schedular criteria for a TDIU under 38 C.F.R. § 4.16(a). 

In the January 2008 VA Form 21-8940, Veteran's Application for Increased Compensation Based on Unemployability, the Veteran wrote that his right eye disability caused pain, which also caused him "to take time away from [his] job." He also indicated that he had four years of college education. He also wrote that he was last employed as an accountant with Massapequa General Hospital from January 2001 to April 2001. See January 2008 VA Form 21-8940. Additionally, the Veteran reported that he last worked as an accountant from June 1976 to 2001. See SSA Disability Report.

For the following reasons, the criteria for a TDIU have not been met during the rating period on appeal.

During the period on appeal, private treatment records and VA treatment records contain evidence of symptoms and treatment related to the Veteran's right eye disability to include medication management of multiple eye solution and eye drops. However, the weight of the lay and medical evidence of record does not indicate that pain significantly impairs him to the extent that it renders him unable to secure and follow a substantially gainful occupation in light of his education and experience. 

A June 2006 VA comprehensive optometric examination shows the Veteran reported that he had been unemployed for 5 years, but, the examiner wrote, "he himself says that his unemployability is not due to his vision but is due to other issues" and "the Veteran claims that his current unemployability is not due to the decreased vision in that eye." It was also noted that the Veteran denied eye pain and that he "sees very well out of his left eye." Id.

An October 2007 VA treatment record shows the Veteran was treated for an injury of the index finger. Upon examination, he reported having "no pain any where else." Id.

Private treatment records dated from November 2004 through February 2008 from Retina Clinic show the Veteran received treatment for his right eye disability. A subsequent October 2015 private treatment record shows that the Veteran was treated for retinal detachment of the right eye and he was concerned with whether his condition impacted his ability to work or not. Physical examination of the eye revealed blindness of the right eye. In the resulting examination report, the examiner found that "the right eye is subject to painful breakdown of the epithelium [and] although [the Veteran] has monocular vision, his left eye should allow him to perform all activities of daily living" noting that he is using unbreakable polycarbonate lenses to protect the eye. See Retina Clinic private treatment records. 

In March 2015, the Veteran was afforded an eye examination to determine whether pain caused by his right eye disability prevented him from securing or following substantially gainful employment. Following examination and interview of the Veteran, the examiner diagnosed blindness of the right eye and opined that his right eye disability did not cause functional impairment or any restrictions related to job activities. Although the VA examiner did not specifically discuss the functional impact of pain from the eye, reading the examination report as a whole and in the context of the evidence of record, the Board finds that the examiner indicated that any pain did not have a functional impact. Acevedo v. Shinseki, 25 Vet. App. 286, 294 (2012) (medical reports must be read as a whole and in the context of the evidence of record). The examiner considered all of the symptoms and concluded that they did not cause functional impairment or job restrictions. Moreover, although the examiner did not provide a rationale for this conclusion, his opinion was based on detailed examination findings and is therefore entitled to some probative weight. See Monzingo v. Shinseki, 26 Vet. App. 97, 106 (2012) (the fact that the rationale provided by an examiner "did not explicitly lay out the examiner's journey from the facts to a conclusion," did not render the examination inadequate).

In addition, the examiner's conclusion was consistent with the lay and medical evidence of record. The Veteran specifically indicated in June 2006 that his unemployability was not due to his eye disability, and the October 2015 Retina Clinic treatment note indicated that the left eye would allow the Veteran to perform all activities of daily living. The February 2015 VA examination thus substantially complied with the Board's remand instructions. See Dyment v. West, 13 Vet.App. 141, 146-47 (1999) (holding there was no Stegall violation when the examiner made the ultimate determination required by the Board's remand, because such determination "more than substantially complied with the Board's remand order").

The Board acknowledges the Veteran's contentions that pain caused by his right eye disability impairs him to the extent that it renders him unable to secure and follow a substantially gainful occupation. See January 2008 VA Form 21-8940; March 2008 VA Form 9; January 2007 VA Form 21-4138; January 2008 VA Form 21-4138. The Veteran's statements with respect to his pain are considered to be competent evidence within his personal experience. Lay evidence may be competent on a variety of matters concerning the nature and cause of disability. Jandreau v. Shinseki, 492 F.3d 1372, 1377 n. 4 (Fed. Cir. 2007). The Board finds the opinions of the health care professional based on examination as to the degree of functional impairment caused by his right eye disability to be of greater probative weight than the Veteran's lay assertions, reflecting that the impairment was not of such a degree to preclude the Veteran from securing and following a substantially gainful occupation consistent with his four years of college and work as an accountant. Moreover, to the extent that the Veteran has indicated in his statements that his eye pain causes unemployability, the Board finds that his statement to the health care professional who conducted the June 2006 VA examination is of greater probative weight than his statements made during the course of an appeal from the denial of compensation. Fed. R. Evid. 803(4) (recognizing that statements made for the purpose of medical treatment generally are reliable); Pond v. West, 12 Vet. App. 341, 345 (1999) (interest may affect the credibility of testimony).

In addition, the Board notes that the March 2015 examiner indicated that the claims file was not available for review. This lack of claims file review did not necessarily render the examination inadequate. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008) ("This Court, however, has not required VA medical examiners to perform a complete review of the entire claims file or state that they have done so in every instance") (citing Snuffer v. Gober, 10 Vet.App. 400, 403-04 (1997); D'Aries v. Peake, 22 Vet.App. 97, 106 (2008)). See also VAOPGCPREC 20-95 (July 14, 1995) (listing circumstances in which claims folder should be reviewed prior to VA examination, but declining to adopt a rule requiring such review in every case). Here, the examiner provided examination findings sufficient for the Board to evaluate the Veteran's right eye disability and its impact on employment under the applicable regulations. As noted, the examination was extensive and detailed and the examiner's opinion is consistent with the other evidence in the claims file to include the Veteran's June 2006 report that his unemployabilty was not related to his vision and also the October 2015 private treatment record, which noted the Veteran presented with concerns about whether his right eye disability rendered him unemployable, concluding that the Veteran's left eye allowed him to perform all activities of daily living. The lack of claims file review therefore did not render the examination inadequate.

Based on the above, the Board finds that the preponderance of the evidence reflects that the Veteran's service connected right eye disability has not precluded him from obtaining and maintaining substantially gainful employment during the period on appeal, given his college education and work history as an accountant. The benefit of the doubt doctrine is thus not for application and the claim for a TDIU must therefore be denied. 38 U.S.C.A. § 5107(b).

ORDER

Entitlement to a TDIU is denied.

______________________________________________
Jonathan Hager
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs